U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 11 2007

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MIRACLE APPEARANCE RECONDITIONING SPECIALISTS INTERNATIONAL, INC., § § § § | |
| Plaintiff, § | |
| VS. § | NO. 4:07-CV-524-A |
| SCOTT HARRIS, ET AL., § § § | |
| Defendants. § | |

## MEMORANDUM OPINION
### and
### ORDER

The following are now pending in the above-captioned action: (1) the application of plaintiff, Miracle Appearance Reconditioning Specialists International, Inc., for preliminary injunction against certain defendants; (2) plaintiff's motion to modify preliminary injunction; and (3) the motion of defendants, Scott Harris, Valerie Harris, Nathan Earl Chisolm, Thomas M. Jones a/k/a Tom Jones, Greg Jones, Ross Mesnick, Butch Woodring, Michael Hughes, Brandon Joe Harris, Lou Zappa, Scott Amling, Tony Fackler, Rick Arrese, Jonathan Stover, Tom Kresge, and Anthony Douglas, to dismiss or stay the above-captioned action. As discussed below, plaintiff's application for preliminary injunction is granted in part and denied in part, plaintiff's motion to modify preliminary injunction is dismissed as moot, and defendants' motion to dismiss or stay the above-captioned action is denied.

I.

Plaintiff's Application for Preliminary Injunction

On September 26, 2007, plaintiff filed a document titled "Plaintiff's First Amended Original Petition and Application for Injunctive Relief" (hereinafter, the "application"). Defendants responded to the application on October 9, 2007.[1] In the application, plaintiff asserts its claims for the first time against the following defendants: Lou Zappa, Scott Amling, Tony Fackler, Rick Arrese, Jonathan Stover, Tom Kresge, and Anthony Douglas. Plaintiff also asks the court to enter preliminary injunctions against all defendants, including the newly named defendants. With respect to defendants Scott Harris, Valerie Harris, Nathan Earl Chisolm, Thomas M. Jones a/k/a Tom Jones, Greg Jones, Ross Mesnick, Butch Woodring, and Michael Hughes, this request is moot because, at the time the application was filed, the court had already continued the restraints and injunctions previously entered by the Texas state court against these eight defendants. By order signed October 9, 2007, the undersigned denied the request of these eight defendants to terminate the restraints and injunctions. Accordingly, the court construes the pertinent part of the application as a request that the court enter preliminary injunctions against defendants

---

[1] It is unclear which particular defendants filed the response. The response simply names defendants as "Scott Harris, et. [sic] al." Defs.' Resp. at 1. However, the response refers to "seven (7) new Defendants." Id. The court infers that the seven new defendants so referenced are Lou Zappa, Scott Amling, Tony Fackler, Rick Arrese, Jonathan Stover, Tom Kresge, and Anthony Douglas.

2

Brandon Joe Harris ("B. Harris"), Lou Zappa ("Zappa"), Scott Amling ("Amling"), Tony Fackler ("Fackler"), Rick Arrese ("Arrese"), Jonathan Stover ("Stover"), Tom Kresge ("Kresge"), and Anthony Douglas ("Douglas"). Having reviewed the application, the response, the record, and applicable authorities, the court concludes that plaintiff's request for preliminary injunction should be granted with respect to B. Harris and denied with respect to Zappa, Amling, Fackler, Arrese, Stover, Kresge, and Douglas.

A preliminary injunction is an "extraordinary remedy." Planned Parenthood of Houston and Southeast Tex. v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005) (quoting Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 335 F.3d 357, 363 (5th Cir. 2003)). To obtain a preliminary injunction, a plaintiff must show each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; and (4) that the injunction will not disserve the public interest. Sanchez, 403 F.3d at 329. A request for preliminary injunction should only be granted when the plaintiff has "clearly carried the burden of persuasion on all four requirements." Id. (quoting Karaha Bodas Co., 335 F.3d at 363).

Plaintiff has established each requirement for preliminary injunction with respect to B. Harris. The record contains a

3

franchise agreement that he signed. The franchise agreement contains a covenant not to compete, which provides that he will not compete with plaintiff during the duration of the franchise agreement and for two years thereafter.[2] The covenant not to compete states that breach thereof will result in irreparable harm to plaintiff and that upon breach, plaintiff has the right to seek an injunction. B. Harris's affidavit establishes that he continues to service the clients he serviced while he was a franchisee of plaintiff. He has informed his clients that he is no longer affiliated with plaintiff, and there is absolutely no confusion among his clients with respect to this fact. In his affidavit, he also states that he does not have a new company that is any different than the company he may have had as a franchisee of plaintiff.

Plaintiff alleges that if a preliminary injunction is not entered against B. Harris, it will suffer irreparable harm through loss of customers and loss of goodwill. Presumably B. Harris would suffer the same if the preliminary injunction were granted, but the covenant not to compete weighs in plaintiff's favor. Entry of a preliminary injunction against B. Harris does not disserve the public interest; rather, a preliminary injunction would serve the public interest to the degree the law favors the ability of private parties to enter into enforceable contracts without fear and uncertainty that they will

---

[2] B. Harris notified plaintiff that he was terminating his franchise agreement on or around May 1, 2007.

subsequently be rewritten by the court.  See, e.g., Cicciarella v. Amica Mut. Ins. Co., 66 F.3d 764, 767-68 (5th Cir. 1995) ("[Under] the rules of construction that are applicable to contracts generally[, the court] will not rewrite the terms of the [contract]; instead, we enforce it as written.  Our primary concern is to give effect to the intentions of the parties as expressed in the instrument.").  Plaintiff is entitled to have a preliminary injunction entered in its favor against B. Harris, similar to those already in place against other defendants in this case.  See Sanchez, 403 F.3d at 329.

Conversely, plaintiff has not established that it is entitled to a preliminary injunction in its favor against Zappa, Amling, Fackler, Arrese, Stover, Kresge, or Douglas.  Though plaintiff summarily alleges that the requirements for a preliminary injunction exist with respect to these individuals, the record contains nothing to support plaintiff's claim. Plaintiff has not produced a franchise agreement signed by any of these individuals, nor has it provided any proof that these individuals are now currently violating agreements they allegedly signed.  Thus plaintiff is not entitled to a preliminary injunction against any of these individuals.  See Sanchez, 403 F.3d at 329.

II.

## Plaintiff's Motion to Modify Preliminary Injunction

In the document titled, "Plaintiff's Motion to Modify Preliminary Injunction," filed October 3, 2007, plaintiff argues that a preliminary injunction should be entered against B. Harris because plaintiff previously made a clerical error. This argument is moot since the court has already determined that plaintiff is entitled to a preliminary injunction in its favor against B. Harris. Accordingly, plaintiff's motion to modify preliminary injunction is dismissed.

III.

## Defendants' Motion to Dismiss or Stay the Above-Captioned Action

When the above-captioned action was removed to this court, a parallel action was pending in the United States District Court for the Southern District of Indiana, Indianapolis Division, as Case No. 1:07-CV-0681-LJM-TAB, styled, "Brandon Joe Harris, et al., Plaintiffs v. Miracle Appearance Reconditioning Specialists International, Inc., et al., Defendants." On September 11, 2007, the court ordered plaintiff and defendants to file a brief giving each side's contention as to whether (1) the first-to-file rule required the court to defer to Case No. 1:07-CV-0681-LJM-TAB and (2) the claims asserted by plaintiff in the above-captioned action were compulsory counterclaims, as contemplated by Rule 13(a) of the Federal Rules of Civil Procedure, that must have been asserted in Case No. 1:07-CV-0681-LJM-TAB. The parties filed their respective briefs on October 9, 2007, and defendants

titled their brief, "Defendants' Motion to Dismiss/Stay Proceedings and Brief in Support." In this motion, defendants argue that the above-captioned action should be stayed or dismissed because (1) the first-to-file rule applies and the claims asserted by the above-captioned plaintiff are compulsory counterclaims that should have been asserted in Case No. 1:07-CV-0681-LJM-TAB and (2) this court should abstain from hearing plaintiff's claims under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).

On September 20, 2007, the Southern District of Indiana dismissed Case No. 1:07-CV-0681-LJM-TAB without prejudice. On October 3, 2007, the Southern District of Indiana granted the second emergency motion for reconsideration filed by the Indiana plaintiffs (some of which are the defendants in the instant action), remanding Case No. 1:07-CV-0681-LJM-TAB back to the Indiana state court rather than simply dismissing the action. The Indiana action is currently pending in Hamilton County Superior Court. Since the Indiana action is no longer pending in federal court, the first-to-file rule is inapplicable. See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.") (emphasis added).

Likewise, the court is not required to abstain from hearing the above-captioned action under Colorado River Water

7

Conservation District v. United States, 424 U.S. 800 (1976). In that case, the United States Supreme Court outlined three general categories of cases where abstention is proper: (1) cases presenting a federal constitutional issue that might be mooted or presented in a different posture by a state court determination of pertinent state law; (2) cases presenting difficult questions of state law bearing on policy problems of substantial public import, the resolution of which transcends the result in the case then at bar; and (3) cases where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings. Id. at 813-16. The above-captioned action does not fit into any of these categories, so abstention would be inappropriate. See id.

Accordingly, defendants are not entitled to any relief on their motion to dismiss or stay the above-captioned action.

IV.

Order

For the reasons discussed above,

The court ORDERS the following:

1. Plaintiff's application for preliminary injunction be, and is hereby, granted with respect to B. Harris to the extent provided herein.

2. Until the court rules on plaintiff's request for permanent injunctive relief, B. Harris be, and is hereby, enjoined from committing any of the following:

8

a. Utilizing plaintiff's name or any other proprietary marks provided to or made available to B. Harris or using proprietary information in a trade or business competitive with plaintiff, its subsidiaries, or affiliated companies; and

b. Directly, nor as beneficial owner, investor, partner, director, officer, employee, independent contractor, representative, or agent; nor through a family member or other agent; controlling, owning, providing consulting services for, benefitting from, or engaging in business competitive with plaintiff, specifically including any vehicle reconditioning service or sales operation, mobile or other, and offering the type of services or products then being offered in plaintiff's franchises, either as an independent business, a franchisee, or a franchisor.

3. The geographic scope of the preliminary injunction against B. Harris be, and is hereby, limited to the following areas: (i) within the "area of dominant influence"[3] in which B. Harris operated his franchise and (ii) within ten miles in any direction from any franchise or other authorized location of plaintiff.

4. In order to cause the preliminary injunction against B. Harris to remain in force beyond 4:00 p.m. on October 15, 2007, plaintiff must give security by such time and date, in the manner contemplated by Rule 65(c) of the Federal Rules of Civil

---

[3]Neither this term nor its scope is defined in the franchise agreement.

Procedure, in the sum of $50,000, for the payment of such costs and damages as may be incurred or suffered by B. Harris should he be found to have been wrongfully enjoined or restrained.

5. Plaintiff's application for preliminary injunction be, and is hereby, denied with respect to Zappa, Amling, Fackler, Arrese, Stover, Kresge, and Douglas.

6. Plaintiff's motion to modify preliminary injunction, filed October 3, 2007, be, and is hereby, dismissed as moot.

7. Defendants' motion to dismiss/stay proceedings, filed October 9, 2007, be, and is hereby, denied.

SIGNED October 11, 2007.

JOHN McBRYDE
United States District Judge